UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GESSY M. THEODORE<br><br>Plaintiff,<br><br>v.<br><br>NEWARK DEPARTMENT OF HEALTH AND COMMUNITY WELLNESS, *et al.*,<br><br>Defendants. | 19-cv-17726<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Gessy M. Theodore ("Plaintiff") brings this action against Defendants Newark Department of Health and Community Wellness ("NDH"), Mark Wade, Michael Wilson (collectively, "City Defendants"), and the American Federation of State, County, and Municipal Employees, Council 52, AFL-CIO Local 2299 ("Union" and collectively, "Defendants") for discriminatory treatment and retaliation. The matter comes before the Court on the Defendants Union and NDH's motions to dismiss pursuant to FRCP 12(b)(6). ECF Nos. 4 (Union Motion) 9 (City Defendants Motion). For the reasons set forth below, the motions are **GRANTED IN PART** and **DENIED IN PART**.

I.  BACKGROUND

Plaintiff is a 62-year-old woman of Haitian decent. Compl. ¶ 15, ECF No. 1. She has worked at NDH since 1997. *Id.* Plaintiff alleges that her direct supervisor, Defendant Wilson, has overseen a campaign of discrimination against her due to her age and national origin, preferring African-American employees. *Id.* ¶¶ 18-19. Since November 9, 2016, Plaintiff alleges she took a series of steps to rectify certain instances of discrimination, including a request for a grievance to be filed, a letter to the then-director of NDH, and a meeting with Defendant Wade, the director of NDH. *Id.* ¶¶ 11, 20-24. As a result, Plaintiff alleges, Defendants took a series of steps to retaliate against her, including: a refusal to entertain Plaintiff's application for an Assistant Chief Inspector position in late 2016 and a pretextual demand to see Plaintiff's license in December 2016. *Id.* ¶¶ 25-27. Plaintiff further alleges Defendant Wilson: "improperly dominated Defendant Union in a manner that preventer [her] from challenging disciplinary actions [and] receiving money under a settlement agreement reached between the City of Newark and 8 inspectors." *Id.* ¶ 28. Further, Wilson's influence allegedly "interfered with [Plaintiff's] ability to vote in [U]nion elections [and] caused her to be expelled from" the Union. *Id.*

Citing various documents attached to the Complaint, Plaintiff next alleges "Defendants" denied her requests to take continuing education classes and caused customers to believe she no longer works for NDH. *Id.* ¶¶ 30, 34. Further, Wilson allegedly plotted to call Plaintiff to various meetings without adequate notice. *Id.* ¶¶ 31-32. In May 2018, Wilson

1

terminated Plaintiff from NDH, purportedly for failing to attend a December 2017 meeting. *Id.* ¶ 33. The termination was later downgraded to a suspension. *Id.* Finally, "Defendants continue to impose daily and hostile conditions upon Plaintiff's employment because of her age, race, ethnicity, and national origin," including name calling, imposing responsibility for others' errors, and "inequal pay and opportunity." *Id.* ¶ 35.

On November 28, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Compl. ¶ 4, Ex. A. The EEOC determined that NDH "failed to exercise its right to rebut Plaintiff's allegations," and thus, issued a right to sue notice on June 17, 2019. *Id.* ¶¶ 6-7, Ex. B. Accordingly, Plaintiff filed an eight-count complaint: alleging:

| *Count* | *Claim* |
|---|---|
| **Count 1** | Age Discrimination (Disparate Treatment) in Violation of the Age Discrimination in Employment Act ("ADEA") |
| **Count 2** | National Origin Discrimination in Violation of 42 U.S.C. § 1981 ("§ 1981"). |
| **Count 3** | Retaliation in Violation of § 1981 |
| **Count 4** | Race, Ethnicity, and National Origin Discrimination in Violation of Title VII |
| **Count 5** | Retaliation in Violation of Title VII |
| **Count 6** | Race, Ethnicity, National Origin, and Age Discrimination (Disparate Treatment) in Violation of the New Jersey Law Against Discrimination ("LAD") |
| **Count 7** | Retaliation in Violation of LAD |
| **Count 8** | Retaliation in Violation of § 1981 |

## II. STANDARD OF REVIEW

A complaint survives a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss if the Plaintiff states a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Courts accept all factual allegations as true and draw "all inferences from the facts alleged in the light most favorable" to plaintiffs. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). But courts do not accept "legal conclusions" as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).[1]

---

[1] Defendant Union also moved pursuant to 12(b)(1) due to the Court's purported lack of subject matter jurisdiction. The different provisions of FRCP 12(b) in this instance is inconsequential, as the facts relevant to the Court's jurisdiction under FRCP 12(b)(1) are readily available to it even under a 12(b)(6)-style test of the complaint (e.g., the administrative charge filed and, with respect to the Court's supplemental jurisdiction, its maintenance of certain related federal claims). The Union does not attempt to rely on extraneous documents that would require jurisdictional discovery or a different standard.

2

## III. DISCUSSION

### A. Count One: Age Discrimination in Violation of the ADEA

In Count One, Plaintiff accuses Defendants of violating the ADEA by refusing to promote her to Assistant Chief Inspector in late 2016, despite her qualification, due to unfounded assumptions regarding older workers' commitment and ability. Compl. ¶¶ 26, 38. Under the ADEA, it is "unlawful for an employer to ... discriminate against any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). But a "complaint under the ADEA will be dismissed for failure to exhaust administrative remedies if a supporting EEOC charge was not filed within ... 300 days ... of notification to the employee of the adverse employment action." *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 382 (3d Cir. 2007).

Here, Plaintiff filed her EEOC charge on November 28, 2018. *See* Compl. Ex. A ("EEOC Charge"). November 2018 is significantly more than 300 days after "late 2016." Compl. ¶ 26. Accordingly, Plaintiff's EEOC charge was untimely and the Count One is **DISMISSED**. Dismissal is **WITH PREJUDICE**, as Plaintiff cannot cure her failure to file an administrative charge within 300 days of the incident at issue in Count One.

### B. Counts Two, Three, and Eight: National Origin Discrimination and Retaliation in Violation of Section 1981

In Count Two, Plaintiff alleges liability under 42 U.S.C. § 1981 for discriminating against her as an immigrant of Haitian origin. Section 1981 prohibits discrimination on the basis of race, not solely on the basis of national origin. *See Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987). Other than a blanket allegation that Defendant Wilson preferred African Americans to her, due to her Haitian origin, Compl. ¶ 19, Plaintiff does not specify *which* Defendant is accused of violating the statute in *what* manner. *See* Compl. ¶¶ 42-46 (referring to "Defendants" and "conduct described above" without further specification). Counts Three and Eight similarly regurgitate the elements of a retaliation claim against "Defendants" without specifying *race*-based (as opposed to national-origin based) conduct. *Id.* ¶¶ 48-51, 71-75.[2]

#### 1. City Defendants' Motion

The City Defendants argue that as government actors, NDH and Dr. Wade cannot be liable under Section 1981, only Section 1983. City Motion at 14-15 (citing *McGovern v. City of Philadelphia*, 554 F.3d 114 (3d Cir. 2009)). Plaintiff consents to dismissal of Counts Two, Three, and Eight against Dr. Wade and NDH without prejudice, so that they can be realleged under Section 1983. City Opp. at 14, ECF No. 14. Accordingly, Counts Two, Three, and Eight are **DISMISSED WITHOUT PREJUDICE** as to Defendants NDH and Dr. Wade.[3]

---

[2] Paragraph 72 does specify a restriction in workload, a reduction in benefit, and rumors about her being terminated. But as relevant below, none of this conduct is alleged against the Union.

[3] If those counts are reasserted via amended complaint, Plaintiff should ensure she provides adequate notice as to what each Defendant is allegedly liable for, and when such conduct occurred. *See* FRCP 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Sheeran v. Blyth Shipholding S.A.*, 14-cv-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16,

### 2. *Union's Motion*

As to Count Two, the Union argues Plaintiff's Section 1981 claims fail because she does not allege any desperate treatment was the result of purposeful or intentional *race* discrimination. Union Mot. at 14. As to Counts Three and Eight (retaliation), the Union argues Plaintiff fails to allege any protected activity. *Id.* at 18-21. Cross referencing their arguments in the Title VII context, Plaintiff asserts she alleged enough facts to state a claim under Section 1981. Union Opp. at 10. But Plaintiff's argument on Title VII circularly cross-references itself and the above-described portion of Plaintiff's brief on Section 1981. *See id.* at 8 (citing Parts I-II). With respect to retaliation, Plaintiff argues that she sought protection against Defendant Wilson but instead was expelled from the Union. *Id.* at 10. She also argues the Union "secured a settlement that treated her differently [from unknown individuals] and also negotiated a similar settlement for Defendant Wilson." *Id.* (citing Compl. ¶ 28 and Exs. D, F, G, I).

The lack of specificity in Plaintiff's claims make it impossible to test their sufficiency. The allegations are little more than recitations of Section 1981's elements against general "Defendants." *See* Compl. ¶¶ 42-51, 71-75. The only specific paragraph cited by Plaintiff's brief implies Defendant Wilson, as a *member* of the Union, used his influence to ensure it took certain actions against her. Compl. ¶ 28. However, there is nothing that shows this action, assuming it is attributable to the Union, was due to Plaintiff's *race*, as required by the Section 1981. *See Saint Francis Coll.*, 481 U.S. at 613; *see also Vodopivec v. Anthony's LLC*, 17-cv-13579, 2018 WL 3656162, at *5 (D.N.J. Aug. 2, 2018). Plaintiff's attachment and general citation to various complaints she filed over the years does not exempt her from the pleading requirements of FRCP 8. *See supra* n.3. For these reasons, Counts Two, Three, and Eight, as alleged against the Union, are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may reallege these claims but should ensure she specifies *in each count* what *race*-based discriminatory conduct she alleges, what attempt to enforce her rights *under Section 1981* the Union retaliated against her for (i.e., complaints about race-based discrimination, not ageist, national-origin, or personal-animus-based conduct), and *when* such conduct occurred.

### C. Counts Four and Five: Race, Ethnicity, and National Origin Discrimination and Retaliation in Violation of Title VII

#### 1. *City Defendants' Motion*

As with the ADEA, the City Defendants argue Plaintiff's Title VII claims in Counts Four and Five are barred by a failure to file a timely charge with the EEOC. City Mot. at 10-

---

2015) (finding group pleading fails to satisfy FRCP 8). Plaintiff may not rely on a series of attachments to her Complaint and internal cross-references to every prior paragraph to avoid the pleading requirements of the Federal Rules, including the attorney's certification as to their belief in the adequacy of each claim. *See* FRCP 11(b); *Terrell v. Williams*, No. 6:17-CV-104, 2017 WL 4582800, at *3 (S.D. Ga. Oct. 13, 2017) (rejecting "shotgun pleading" and plaintiff's citation to various attachments to the complaint); *Lapella v. City of Atl. City*, 10-cv-2454, 2012 WL 2952411, at *5 n.3 (D.N.J. July 18, 2012) ("By incorporating all preceding allegations into each count, Plaintiff engages in shotgun pleadings that obfuscate her claims and defy the mandate of Rule 8, denying Defendants of the fullest extent of notice to which they are entitled.").

13. The City Defendants are correct as to many of the allegations, which occurred well before February 1, 2018—300 days before Plaintiff filed her charge with the EEOC.

Accordingly, claims associated with events occurring before February 1, 2018, are **DISMISSED WITH PREJUDICE**. As to any conduct occurring on or after February 1, 2018, the motion is **DENIED**. Further, because Plaintiff alleges a hostile work environment in Count Five (and includes sufficient facts to make that allegation plausible), discovery may include inquiry into events constituting that hostile environment since Plaintiff returned to Defendant Wilson's supervision in 2012, so long as the allegedly hostile environment continued into 2018. *See* City Opp. at 6 (discussing Plaintiff shifting to working with Wilson); *see also National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.").

### 2. *Union Motion*

As to the Union, individual-event-based claims occurring before February 1, 2018, are similarly **DISMISSED WITH PREJUDICE**. As to events after that period, the Union argues the EEOC charge did not name them, and thus Plaintiff has failed to exhaust administrative remedies. Union Mot. at 9-11. Plaintiff responds that because (1) the Union's activity would have been discovered in the EEOC's investigation, had NDH responded, and (2) the charge includes the words "other entities," Plaintiff's EEOC charge and right to sue apply to the Union. Union Opp. at 6-7.

Plaintiff is mistaken. On its face, the facts alleged in the EEOC charge would not reasonably put the Union on notice of the charges against it. *See* Compl. Ex. A (failing to mention the Union or any leader thereof); *see also Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010) (noting that because the EEOC is required to serve the employer "against whom the charges are made, th[e] standard allows a[ defendant] to be put on notice of the claims likely to be filed."). Plaintiff's expectation of what an investigation would reveal, had NDH responded, is insufficient. *See Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996) (finding charge did not fairly encompass claim for gender discrimination even though investigation would reveal individuals selected for positions were women and plaintiff was a man). Plaintiff is correct that "once a charge of some sort is filed with the EEOC . . . the scope of a resulting private civil action in the district court is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978) (cleaned up). But here, notwithstanding Plaintiff's mention of "other entities," nothing in the charge of discrimination would prompt a reasonable expectation that the Union would be tied up in the EEOC's investigation. *See* Compl. Ex. A (naming NDH, and *not the Union*, in box seeking name of Employer, Labor Organization, or Employment Agency, etc.). Neither the Union, nor any Union activity, is mentioned in the charge at all. *See id.*; *Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 851 (3d Cir. 2016) (distinguishing *Hicks* and finding claim failed because factual statement of the charge lacked anything reasonably related to the additional claim). Based on the charge "as filed," the EEOC would have no reason to expect to investigate the Union, nor would the Union be notified of the forthcoming charges. *Cf. Hicks*,

5

572 F.2d 960, 967 (finding scope of court's jurisdiction depends on the reasonable scope of an investigation of the charge "as filed.").

Accordingly, with the exception of continuing hostile work environment claims and those events occurring within 300 days of the administrative charge Plaintiff has filed against the Union with New Jersey's Public Employment Relations Commission ("PERC"), *see* Union Opp. at 9, Counts Four and Five are **DISMISSED WITH PREJUDICE**. Like for the City Defendants, the motion is **DENIED** with respect to ongoing hostile work environment claims and claims based on events occurring within 300 days of Plaintiff's filing with PERC.

### D. Counts Six and Seven: Race, Ethnicity, National Origin, and Age Discrimination (Disparate Treatment) and Retaliation in Violation of LAD

Counts Six and Seven essentially mirror their federal counterparts. *See* Compl. ¶¶ 67-75. Both the Union and City Defendants argue the Court lacks subject matter jurisdiction, or should decline to exercise supplemental jurisdiction, to hear Plaintiff's state-law claims. Defendants are incorrect. The Court has supplemental jurisdiction to hear Plaintiff's LAD claims, which are based on the exact same facts as Plaintiff's remaining federal claims. *See* 28 U.S.C. § 1367(a).

Defendants also argue that LAD claims have a two-year statute of limitations. N.J.S. 2A:14-2(a); *Williams v. Verizon New Jersey, Inc.*, 19-cv-9350, 2020 WL 1227663, at *7 (D.N.J. Mar. 12, 2020). Defendants are correct on this front. Accordingly, claims based on conduct occurring before November 28, 2016, are **DISMISSED WITH PREJUDICE** except to the extent the conduct is part of a hostile work environment continuing beyond that date.

Finally, Defendants argue that like in the federal context, Plaintiff fails to sufficiently allege the elements of either direct or retaliation LAD claims. As with Plaintiff's Section 1981 claims, the lack of specificity in Counts Six and Seven make it impossible to judge their sufficiency. Accordingly, for those allegations that are part of a purported hostile environment or occurred after November 2016, Count Six and Seven are **DISMISSED WITHOUT PREJUDICE**. If Plaintiff intends to reallege LAD claims, she must be more specific to give each defendant adequate notice. *See, e.g.*, Compl. ¶ 67 (accusing *Plaintiffs* of attempting to "silence and discourage Ms. Theodore"); *see also supra* n.3 (discussing group and shotgun pleading). The parties should also ensure all administrative pre-requisites are satisfied.

### IV. CONCLUSION

For the reasons set forth above, both the Union's, ECF No. 4, and the City Defendants', ECF No. 9, motions are **GRANTED IN PART** and **DENIED IN PART**. An appropriate order follows.

Date: March 25, 2020

WILLIAM J. MARTINI, U.S.D.J.