UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GESSY M. THEODORE<br><br>Plaintiff,<br><br>v.<br><br>NEWARK DEPARTMENT OF HEALTH AND COMMUNITY WELLNESS, *et al.*,<br><br>Defendants. | 19-cv-17726<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Gessy M. Theodore ("Plaintiff") brings this action against Defendants Newark Department of Health and Community Wellness ("NDH"), Mark Wade, Michael Wilson (collectively, "City Defendants"), and the American Federation of State, County, and Municipal Employees, Council 52, AFL-CIO Local 2299 ("Union" and collectively, "Defendants") for discriminatory treatment and retaliation. The matter comes before the Court on the Union's April 8, 2020 motion for reconsideration pursuant to FRCP 60 and L.C.R. 7.1(i). ECF No. 19 ("Motion"). Plaintiff filed her response on April 9, 2020 and waived oral argument. ECF No. 20. Thus, the Motion is ripe for adjudication. For the reasons set forth below, the Motion, ECF No. 19, is **GRANTED**.

## I. BACKGROUND

The facts underlying this matter were set forth in the Court's March 25, 2020 Opinion, familiarity with which is assumed. ECF No. 17 ("March Opinion"). In short, Plaintiff alleges that she was discriminated against due to her race, national origin, and age. In the March Opinion and Order, ECF No. 18 ("March Order"), the Court dismissed Plaintiff's Title VII claims (Counts 4-5) against the Union for failure to exhaust administrative remedies, *except* ongoing hostile work environment claims and those "based on events occurring within 300 days of Plaintiff's filing with" the Public Employee Relations Commission ("PERC")—the agency that oversees New Jersey's public employees' unions. *Id.* at 5-6. The Court reasoned that unlike for earlier conduct, Plaintiff *had* filed timely administrative charges against the Union, prohibiting dismissal. *See id.*

## II. DISCUSSION

### A. Title VII (Counts 4-5): Race, Ethnicity, and National Origin Discrimination, and Associated Retaliation

In the present Motion, the Union argues that Plaintiff's PERC filing should not have saved Plaintiff's Title VII claims, as an EEOC filing is required *before* filing suit. Mot. at

1

7-10 (referring to briefing in original motion and providing further detail). In opposition, Plaintiff simply repeats her arguments that (1) her EEOC charge against the City Defendants incorporated the Union; and (2) Plaintiff has a pending charge with PERC, saving the claims. Opposition, ECF No. 20. The Court already rejected Plaintiff's first response, and has no reason to reconsider its conclusion. *See* March Op. at 5 ("notwithstanding Plaintiffs mention of 'other entities,' nothing ... would prompt a reasonable expectation that the Union would be tied up in the EEOC's investigation.").

As to the PERC filing, a timely claim with the appropriate state agency does expand the time a claimant has to file with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1) (providing 30 days to file with EEOC from state-agency decision). Thus, based on Plaintiff's PERC filing, the Court found that Plaintiff had not failed to exhaust administrative remedies for claims based on recent or ongoing conduct.[1] However, while filing with the appropriate state agency expands the EEOC filing *deadline*, it does not excuse the requirement to file with the EEOC and receive a "right to sue" letter *before* filing a federal lawsuit. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (calling exhaustion "an essential element" for Title VII claims and finding that a "complainant may not bring a Title VII suit without having first received a right-to-sue letter.").

Accordingly, Counts Four and Five—as alleged against the Union, must be **DISMISSED**. *See* FRCP 60(a); L.C.R. 7.1(i) (permitting reconsideration). As opposed to dismissal with prejudice—which implies final adjudication of the claims—leave to amend is simply **DENIED**. *See Inventel Prod., LLC v. Li*, 19-9190, 2019 WL 5078807, at *3 (D.N.J. Oct. 10, 2019) (explaining difference between leave to amend and prejudice). Because Plaintiff failed to file an applicable EEOC charge *before* filing this suit, amendment is futile and leave to amend must be denied. *See id.* (denying leave to amend when futile); *see also Burgh*, 251 F.3d at 470 (requiring right-to-sue letter from EEOC *before* initiation of Title VII lawsuit). Whether Plaintiff may recover in a future suit—once she satisfies Title VII's administrative requirements—is a question for another day.

### B. New Jersey Law Against Discrimination (Counts 6-7): State Law Derivative Claims

The Union points out that the March Order, with respect to Counts Six and Seven, includes "November 28, 2017" instead of "2016" in one instance. *See* March Order. November 28, *2016*, is the correct date. *See* March Op. (dismissing counts six and seven based on events after November *2016* without prejudice, and before that date with prejudice). Accordingly, the Motion is **GRANTED** in that respect as well.

---

[1] The Union now argues PERC is not the appropriate state agency, but failed to make that assertion in its briefing on the original motion. *E.g., Leja v. Schmidt Mfg., Inc.*, 01-cv-5042, 2008 WL 1995140, at *3 (D.N.J. May 6, 2008) (finding reconsideration may not be used to raise new issues). In any event, a mistake as to which agency to file with may be excusable or curable.

2

**III.     CONCLUSION**

For the reasons set forth above, the American Federation of State, County, and Municipal Employees, Council 52, AFL-CIO Local 2299's motion for reconsideration, ECF No. 19, is **GRANTED**. An appropriate order follows.

Date: April 16, 2020

WILLIAM J. MARTINI, U.S.D.J.