UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GESSY M. THEODORE<br><br>Plaintiff,<br><br>v.<br><br>NEWARK DEPARTMENT OF HEALTH AND COMMUNITY WELLNESS, *et al.*,<br><br>Defendants. | 19-cv-17726<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Gessy M. Theodore ("Plaintiff") brings this action against Defendants Newark Department of Health and Community Wellness ("NDH"), Mark Wade, Michael Wilson (collectively, "City Defendants"), and the American Federation of State, County, and Municipal Employees, Council 52, AFL-CIO Local 2299 ("Union" and collectively, "Defendants") for discriminatory treatment and retaliation. The matter comes before the Court on Defendants' motions to dismiss. ECF No. 27 ("Union Motion"), 28 ("City Motion"). Also before the Court is Plaintiff's Second Motion to Amend/Correct the Complaint. ECF No. 36. For the reasons set forth below, Defendants' motions are **GRANTED** except as to prejudice and Plaintiff's motion is **DENIED**.

## I. BACKGROUND

The facts underlying this matter were set forth in the Court's March 25, 2020 Opinion, ECF No. 17 ("March Opinion"), and April 16, 2020 Opinion, ECF No. 21 ("April Opinion"), familiarity with which is assumed. In short, Plaintiff alleges that she was discriminated against due to her race, national origin, and age. In the March and April Opinions, the Court dismissed several claims, some with leave to amend and some without.

Pursuant to the order accompanying the April Opinion, Plaintiff filed an Amended Complaint on April 16, 2020. ECF No. 24. Defendants promptly moved to dismiss. ECF Nos. 27-28. Plaintiff requested, and was granted, permission to file a joint opposition brief by June 22, 2020. ECF Nos. 30, 33. Instead of filing an opposition brief, Plaintiff filed a motion to amend, attaching a Proposed Second Amended Complaint ("PSAC"). ECF No. 36. Defendants filed letters requesting that the Court grant their motions as unopposed. ECF Nos. 37-38. Instead, the Court permitted Defendants to file combined opposition and reply briefs, and Defendants did so. ECF Nos. 39-41. On July 13, Plaintiff filed a letter purporting to respond to Defendants' motions to dismiss and their oppositions to the motion to amend. ECF No. 42.

1

## II.     MOTION TO DISMISS

As noted above, despite the Court granting Plaintiff's requested extension, ECF No. 33, Plaintiff failed to file a timely opposition to the motions to dismiss. In granting the previous extension and permission to file a combined opposition, the Court specifically warned Plaintiff that "doing so does not excuse a failure to respond to each Defendants' arguments" and that "[a]ny additional extension requests must be supported by good cause." ECF No. 33. Plaintiff failed to request an extension, let alone one supported by good cause.

Even if the Court attempted to address Defendants' substantive arguments without the adversarial process, Plaintiff's shotgun pleading makes it impossible. The Court specifically warned that "Plaintiff may not rely on a series of attachments to her Complaint and internal cross-references to every prior paragraph to avoid the pleading requirements of the Federal Rules, including the attorney's certification as to their belief in the adequacy of each claim." March Opinion at 3 n.3; *see also* March Opinion at 4, 6 (requiring additional specificity in reasserted claims). The Amended Complaint fails to remedy the problem. *See generally* Amend. Compl.

Finally, Plaintiff's certified letter—purporting to oppose the motions to dismiss and support Plaintiff's motion to amend—is unhelpful to the issues at hand. ECF No. 42. First, Plaintiff filed it after Defendants' deadlines to file reply briefs. Second, the letter relies on facts revealed in discovery or alleged in the PSAC, both irrelevant to the pending motions to dismiss.

Accordingly, Defendants motions to dismiss, ECF Nos. 27-28, are **GRANTED**, except as to prejudice. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984) (finding dismissal *with prejudice* extreme). If Plaintiff seeks to amend the complaint again, *see infra*, Defendants may re-raise their substantive arguments. Next time, failure to file a timely response may result in dismissal with prejudice. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) ("Nor do we suggest that if a party fails to comply with [court rules] after a specific direction to comply from the court, the rule cannot be invoked.").

## III.    MOTION TO AMEND

On June 22, 2020, Plaintiff filed her Second Motion to Amend/Correct the Complaint, attaching the PSAC. ECF No. 36. In doing so, Plaintiff failed to attach a brief in support or follow local rules requiring motions to amend to (1) make clear whether they are opposed and (2) include a document indicating in what respects the proposed pleading differs from its predecessor (i.e., a "blackline"). *See* L.R. 15.1(a).

By failing to file an opening brief and waiting to reply until after Defendants filed their opposition, Plaintiff unfairly prevented Defendants from responding to her arguments. Thus, the Court will not consider the arguments raised for the first time in a reply brief. *See Baptiste v. Morris*, 18-cv-1484, 2020 WL 2745739, at *6 (M.D. Pa. May 27, 2020) ("It is well-established that a court may decline to consider arguments raised for the first time

in a reply brief.") (citing *Garza v. Citigroup Inc.*, 881 F.3d 277, 284 – 85 (3d Cir. 2018)). Even if the Court did consider Plaintiff's letter, its contents are unconvincing. Rather than simply including a blackline comparison of the amended pleadings, Plaintiff argues (without further explanation) "that a black-lined proposed amended Complaint will not advance the Court's understanding of the complex legal issues raised by Defendants concerted misconduct." Pl. Ltr. at 4. It is precisely in complex cases that blackline comparisons are most useful.

Plaintiff's failure to follow local rules and Court directives has made judging the sufficiency of the PSAC impossible. Accordingly, Plaintiff's Second Motion to Amend/Correct the Complaint, ECF No. 36, is **DENIED** without prejudice. The Court will permit Plaintiff to file an additional motion to amend. Any such motion **MUST** comply with the Court's prior orders, its individual rules of practice, and the local rules. *See Stackhouse*, 951 F.2d at 30 (allowing for dismissal when party fails to comply with local rules after court issues direction to comply); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (including "undue delay, . . . repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party" as permissible reasons to deny motions to amend).

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss, ECF Nos. 27-28, are **GRANTED**, except as to prejudice. Plaintiff's motion to amend, ECF No. 36, is **DENIED** without prejudice. An appropriate Order follows.

Date: July 28, 2020

WILLIAM J. MARTINI, U.S.D.J.

3