UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GESSY M. THEODORE,**<br><br>                  **Plaintiff,**<br><br>v.<br><br><br>**NEWARK DEPARTMENT OF HEALTH AND COMMUNITY WELLNESS, et al.,**<br><br>                  **Defendants.** | Civil Action No. 19-17726 (WJM)<br><br><br>**OPINION** |

**FALK, U.S.M.J.**

This is an employment discrimination case based on race, age and national origin. Before the Court is Plaintiff Gessy M. Theodore's motion for leave to amend her Complaint. (CM/ECF No. 48.) Defendants oppose the motion. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **granted in part, and denied in part**.

### BACKGROUND[1]

Plaintiff, Gessy M. Theodore ("Plaintiff"), is a woman over 60 years old and of

---

[1] The factual background is taken from the Court's March 25, 2020 Opinion. (CM/ECF No. 17).

Haitian decent. She has worked at Defendant, Newark Department of Health and Community Wellness ("NDH"), since 1997. Plaintiff alleges that her direct supervisor, Defendant Michael Wilson ("Wilson"), a managerial employee of NDH, has overseen a campaign of discrimination against her due to her age and national origin, preferring African-American employees. Plaintiff alleges that since November 9, 2016, she took a series of steps to try to rectify certain instances of discrimination, including meeting with Defendant Mark Wade, the director of NDH, but that the hostile employment conditions continued.

In May 2018, Wilson terminated Plaintiff, purportedly for failing to attend a December 2017 meeting. The termination was subsequently downgraded to a suspension.

On November 28, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). The EEOC issued a right to sue notice on June 17, 2019.

On September 6, 2019, Plaintiff filed an eight-count complaint against NDH, Wilson and Wade[2] asserting claims of discrimination (disparate treatment) in violation of the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 2000e *et seq.*, national origin discrimination in violation of 42 U.S.C. § 1981, claims of discrimination

---

[2] Plaintiff also named American Federation of State, County, and Municipal Employees, Council 52, AFL-CIO Local 2299 as a defendant. Plaintiff since voluntarily dismissed her claims against the entity. (CM/ECF No. 46.)

based on race, ethnicity national origin and age in violation of Title VII and the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1 *et seq.*, as well as claims of retaliation under the statutes. The Court ruled on several rounds of motion practice resulting in the filing of an Amended Complaint on April 16, 2020. (CM/ECF Nos. 18, 22, and 24.)

On May 8, 2020, Defendants filed a second motion to dismiss. The Court entered an Order on July 28, 2020, granting Defendants' motion to dismiss, without prejudice, and denying Plaintiff's motion for leave to amend her pleading, without prejudice. (CM/ECF No. 44.) The Opinion accompanying the Order stated that the Court denied Plaintiff's motion for leave primarily on account on her failure to attach an opening brief in support of the motion or to include a document indicating in what respects the proposed pleading differs from its predecessor ( i.e., a "blackline".) The Court also stated in the Opinion that it granted Defendants' motion principally because Plaintiff did not file timely opposition, and because the Amended Complaint did not satisfy the pleading requirement under the Federal Rules, referencing its earlier March 25, 2020 Opinion wherein it cautioned Plaintiff that reasserted claims would require additional specificity. (CM/ECF No. 17, at 3, n.3, and 4, 6.) The July 28th Order permitted Plaintiff to refile a motion for leave to amend within 30 days.

Plaintiff filed the instant motion seeking leave to file a Second Amended Complaint ("SAC") to reassert several claims and to add a defendant. First, Plaintiff seeks leave to amend to assert claims under Section 1983 for discrimination based on

race and national origin (Plaintiff previously consented to dismissal of the Section 1981 claims so that they could be realleged under Section 1983) against all Defendants. (CM/ECF No. 48.) Plaintiff also seeks to assert claims for race, ethnicity, and national origin discrimination against NDH under Title VII, as well as claims for retaliation under the statute against all Defendants and a new defendant, Chuen Choi Eng-Ferrel ("Eng-Ferrel"), Deputy Chief of Staff to the Mayor of the City of Newark. Plaintiff also seeks to assert claims for discrimination and retaliation under the NJLAD. Noting that she has addressed all of the deficiencies identified in the Court's prior Order, Plaintiff asserts that she has carefully separated her race-based claims from those based on national origin.[3]

Defendants oppose the motion arguing that the proposed SAC does not satisfy the pleading requirements of the Federal Rules.[4] Defendants contend that the Plaintiff fails to support the claims in the proposed pleading with specific and sufficient factual allegations of race, national origin, and age-based conduct and continues to rely on a series of attachments to support the claims. Defendants also argue futility with respect to Plaintiff's proposed claims against the individual defendants under Title VII.

## **LEGAL STANDARD**

Motions to amend pleadings are governed by Federal Rule of Civil Procedure

---

[3] Plaintiff has chosen not to reassert her claim under the ADEA at this time. (Pl.'s Br. At 6.)

[4] The factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

15(a). Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970). Prejudice to the non-moving party has long been the "touchstone" for the denial of leave to amend. Mullin v. Balicki, 875 F.3d 140 (3d Cir. 2017); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust").

Although tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims:

> If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well- grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990) (emphases added) (citations omitted); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990). Effectively, this means that the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ." *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D.

688, 695 (D.N.J. 2013); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). Thus, "[i]f a proposed amendment is not <u>clearly</u> futile, then denial of leave to amend is improper." *Harrison Beverage*, 133 F.R.D. at 468 (emphasis added); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990).

## **DISCUSSION**

Plaintiff's proposed SAC contains five separate counts, seeking to assert claims under Section 1983, Title VII and the NJLAD, against NDH and the individual defendants—Wilson, Wade and Eng-Ferrel. The Court will examine each proposed claim separately below.

### **(1) Plaintiff's proposed claim under Section 1983**

Plaintiff seeks to assert a cause of action under Section 1983 against NDH, Wilson, and Wade for hostile work environment and retaliation on the basis of her race and national origin.

In order to prove a hostile work environment claim against an individual defendant under Section 1983, a plaintiff must show: (1) that he or she suffered intentional discrimination because of race/nation origin; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff; (4) the

discrimination would detrimentally affect a reasonable person in that position; and (5) a basis for personal liability.  *Ugorji v. N.J. Environmental Infrastructure Trust*., 2777076, at *5 (D.N.J. June 19, 2014) (citations omitted).

To sustain a retaliation claim, Plaintiff must prove (1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation. *Anderson v. Davila,* 125 F.3d 148, 161 (3d Cir.1997) (public employee retaliation); *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir.2001).

Defendants argue that Plaintiff fails to allege discriminatory animus, stating that there is "nothing in the SAC to demonstrate that Plaintiff was subjected to race-based or national-origin based discrimination."  (Def.'s Br. at 5.)  In particular, among other things, Defendants point out that Plaintiff "believes" that the individual defendants caused her to become a target of African-American co-workers and that the individual defendants had exerted their influence to encourage such conflict.  To that end, Defendants referred to Plaintiff's proposed claims as "unfounded" and conclusory. Defendants also argue that the Section 1983 claim would fail as a matter of law because she does not assert a claim against the City of Newark ("City").

The Court, at least for purposes of this motion, does not find Plaintiff's Section 1983 claims so clearly futile so as to deny leave to assert them.  As noted above, Rule 15 futility does not contemplate substantive motion practice on the merits of the claims. *Harrison Beverage Co. v. Dribeck Importers, Inc*., 133 F.R.D. at 468.  The SAC contains multiple allegations against the defendants, which if true, could possibly sustain a claim.

By way of example, Plaintiff alleges that Wilson directed a co-worker of Plaintiff to make false claims about her job performance—that Plaintiff yelled and screamed while talking on the telephone.  Plaintiff also cites examples of incidents in which a co-worker blocked her path and made demands that made her feel threatened, on account of Wilson's alleged discriminatory conduct.  Similarly, Plaintiff asserts allegations against Wade regarding his failure to promote Plaintiff and his knowledge of Wilson's alleged hostilities toward her.  Although Plaintiff has not asserted claims against the City directly, she does seek leave to assert these claims against NDH, an apparent department of the City.  To this end, Plaintiff alleges that the Defendants' actions were done "pursuant to the policy and practice of" the individual defendants and NDH.

The Court finds that Defendants did not satisfy their heavy burden to declare Plaintiff's proposed claims under Section 1983 futile.  *See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d at 764.  Although Defendants refer to Plaintiff's claims as "unfounded", Plaintiff need not prove these claims on a motion for leave to amend.  These claims ultimately may not withstand a motion to dismiss on a full record before the District Judge.  In fact, the District Judge who has examined Plaintiff's proposed pleadings before, and has previously found them to be insufficient, may again determine that they do not survive a motion to dismiss, if such a motion was filed.

The standard for amendment of pleadings which this Court applies on this motion is liberal.  The Court does not find, at least for purposes of leave to amend, that the proposed amendments are so clearly frivolous and futile that the Court should not permit

them to be asserted now.[5]

### (2) Plaintiff's proposed claims under Title VII

To succeed on a hostile work environment claim under Title VII, the plaintiff must establish that 1) the employee suffered intentional discrimination because of his/her sex, 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability. *See Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013).

To state a claim for retaliation under Title VII, a plaintiff must show that "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Moore v. City of Philadelphia,* 461 F.3d 331, 341 (3d Cir. 2006) (quoting *Nelson v. Upsala Coll.,* 51 F.3d 383, 386 (3d Cir.1995)).

Defendants oppose Plaintiff's request for leave to amend to reassert her hostile work environment and retaliation claims under Title VII against the individual defendants and NDH. For the reasons discussed below, the Court agrees with Defendants with respect to the claims against the individual defendants and will deny the motion as it relates to them. The Court will grant Plaintiff leave to reassert her claims against NDH.

Title VII does not subject individual supervisory employees to liability. *Sheridan*

---

[5] The Court will not find that the proposed pleading is futile merely because it continues to contain attachments. In this instance, it appears that Plaintiff is not relying solely on the attachments as a means of pleading her claims, but has attempted to supplement the factual allegations as per the Court's March 25, 2020 Order.

*v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1078 (3d Cir.1996); *see also Newsome v. Admin. Office of the Courts of the State of New Jersey,* 51 F. App'x 76, 79 n. 1 (3d Cir. 2002) ("it is settled that Title VII does not provide for individual liability"); *Emerson v. Thiel Coll.,* 296 F.3d 184, 190 (3d Cir.2002) ( "individual employees are not liable under Title VII.)  Thus, to the extent that Plaintiff seeks to allege that the individual supervisory defendants, namely Wilson, Wade and Eng-Ferrell, are liable in their *individual capacities* for intentional discrimination, creating a hostile work environment, and retaliation against Plaintiff, the Court will deny the motion. *See* SAC. at ¶¶ 73-82.

  Likewise, to the extent Plaintiff seeks to assert these claims against the individual defendants in their official capacities, the Court will deny the motion.  "Title VII provides for liability against employers, *not supervisors.* Naming a supervisor as a defendant in his official capacity is redundant especially when ... the employer is also named as a Defendant." *Stallone v. Camden Cnty. Technical Sch. Bd. of Educ.,* No. 12–7356, 2013 WL 5178728, at *1, *6–7 (D.N.J. Sept.13, 2013) (emphasis added).  The Third Circuit has upheld the reasoning of the lower courts that official capacity suits under Title VII are barred as redundant. *See Foxworth v. Pa. State Police,* No. 03–CV–6795, 2005 WL 840374, at *4 (E.D.Pa.2005) *aff'd* 2007 WL 295358 (3d. Cir.2007) (district court explained that "because the only proper defendant in a Title VII case is the 'employer,' pursuing such claims against individuals in their official capacities would be redundant.").

  Turning to the proposed claims against NDH, Defendants largely make the same arguments as they did relative to Plaintiff's Section 1983 claim.  Maintaining that

Plaintiff's allegations are conclusory and not pleaded with the specificity required by the federal pleading requirements and this Court's March 25, 2020 Order, Defendants argue that Plaintiff fails to demonstrate that any of the acts alleged were the result of discriminatory animus and would not withstand a motion to dismiss. That may prove to be true, and Defendants may ultimately make this argument on a dispositive motion. But as noted above, the standard for amendment is liberal. To this end, the Court will grant Plaintiff's motion to assert her Title VII claims against NDH.[6]

### (3) Plaintiff's proposed claims under NJLAD

Plaintiff seeks to amend her Complaint to assert claims for discrimination (disparate treatment) and retaliation against all Defendants on account of her age, race and national origin.[7]

Under the NJLAD, it is unlawful for employers to discriminate against an individual with respect to the terms and conditions of his/her employment on the basis of a protected characteristic, such as race, religion, age, sex and disability. N.J.S.A. 10:5-12(a). To plead a *prima facie* case of retaliation under the NJLAD, the employee-plaintiff must sufficiently allege that (1) they engaged in a protected activity that was

---

[6] Defendants note that the Court dismissed, with prejudice, Plaintiff's Title VII claims associated with events occurring before February 1, 2018. (CM/ECF No. 17, at 5.) The dismissal does not preclude other Title VII claims. The Court, in its March 25, 2020 Opinion denied the motion to dismiss as to any conduct occurring on or after February 1, 2018. In so doing, the Court noted that because Plaintiff alleged a hostile work environment under Title VII (and included sufficient facts to make that allegation plausible) discovery may include inquiry into events constituting that hostile environment since Plaintiff's return which allegedly existed in 2012, so long as the allegedly hostile environment continued into 2018. *See* National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002) ('Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.").

[7] In its March 25, 2020 Order and Opinion, the Court dismissed with prejudice Plaintiff's NJLAD claims based on conduct occurring before November 28, 2016, except to the extent the conduct is part of a hostile work environment continuing beyond that date. (CM/ECF No. 17, at 6.)

known to the employer; (2) that they was subjected to an adverse employment decision; and (3) that there is a causal link between the activity and the adverse action. *Battaglia v. United Parcel Serv. Inc.*, 214 N.J. 518, 547 (2013).

To hold an individual employee liable under the NJLAD, a plaintiff must prove the employee "aided and abetted" the employer's illegal conduct. *See* N.J.S.A. 20:5-12(e); *Thorbourne v. Public Service Enterprise* Group, 2016 WL 270908 (Jan. 22, 2016 (citing Cicchetti *v. Morris Cty. Sheriffs Office*, 194 N.J. 563, 594, 947 A.2d 626, 645 (2008)) ("[i]ndividual liability of a supervisor for acts of discrimination or for creating or maintaining a hostile environment can only arise through the 'aiding and abetting' mechanism" in the NJLAD.).

Defendants reassert similar arguments with respect to Plaintiff's proposed claims under the NJLAD—that they lack the specificity required by the federal pleading requirements. In particular, Defendants argue that Plaintiff fails to allege a sufficient causal nexus between any alleged adverse employment action and discriminatory intent, and fails to allege that any of the individual defendants are liable as an aider or abettor, or that their actions were motivated by discriminatory animus.

For the reasons stated above, the Court finds that Defendants did not satisfy their heavy burden to declare Plaintiff's proposed claims under the NJLAD futile for purposes of this motion. Again, the standard for amendment of pleadings is liberal. Here, by way of example, Plaintiff seeks to allege that the individual defendants encouraged disparate treatment by African-American inspectors targeting Plaintiff on account of her race, national origin and age, imposed discipline on Plaintiff for conduct that non-Haitian

employees were not subject to, and aided and abetted discriminatory actions including suspending and disciplining Plaintiff for making a protected Complaint.  Again, some or all of the NJLAD claims that Plaintiff seeks to assert in her SAC may not ultimately survive.   But the Court does not find, at least for purposes of granting leave under the liberal standard, that they are so frivolous and futile that she should not be permitted to plead them now.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to amend her Complaint is **granted in part**, and **denied in part**.




s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**Dated: February 10, 2021**