UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GESSY M. THEODORE**<br><br>**Plaintiff,**<br><br>v.<br><br>**NEWARK DEPARTMENT OF HEALTH AND COMMUNITY WELLNESS, et al..**<br><br>**Defendants.** | Civ. No. 2:19-17726 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Gessy M. Theodore ("Plaintiff") brings this action against Defendants Newark Department of Health and Community Wellness ("NDH"), Mark Wade, Michael Wilson, and Chuen Choi Eng-Ferrell (collectively, "Defendants") for discriminatory treatment and retaliation. The matter comes before the Court on the Defendants' motion to dismiss pursuant to FRCP l2(b)(6). ECF No. 55. For the reasons set forth below, the motion is **GRANTED IN PART**. The Court dismisses Plaintiff's Second Amended Complaint, ECF No. 52. Plaintiff shall show cause why the Court should not dismiss Plaintiff's Second Amended Complaint with prejudice.

### I. BACKGROUND

On March 25, 2020, the Court granted in part and denied in part Defendants' previous motions to dismiss Plaintiff's Complaint. ECF Nos. 43, 44. On August 17, 2020, Plaintiff voluntarily dismissed her claims against Defendant American Federation of State, County, and Municipal Employees, Council 52, ALF-CIO Local 2299. ECF No. 46. On August 28, 2020, Plaintiff filed a motion for leave to file an amended Complaint. ECF No. 48. As part of that motion, consistent with Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1(a)(1), Plaintiff attached a copy of her proposed amended complaint. ECF No. 48-4. On February 10, 2021, the Court granted in part and denied in part Plaintiff's motion to amend. ECF No. 50, 51. The Court permitted Plaintiff to file her amended complaint but barred proposed Title VII claims against Defendants Mark Wade, Michael Wilson, and Chuen Choi Eng-Ferrel. *Id.* On February 19, 2021, Plaintiff filed her Second Amended Complaint. ECF No. 52. On March 4, 2021, Defendant filed a letter requesting an extension of time to respond to the Second Amended Complaint. ECF No. 53. Additionally, counsel apprised the Court that "the parties had become aware that the filed Second Amended Complaint was a draft copy of the pleading that contained several

unintended errors in the allegation and claims" and that "[a]s a direct consequence of those clerical errors, the filed Second Amended Complaint contains several allegations and claims that differ from the proposed Second Amended Complaint attached to Plaintiff's Motion for Leave to Amend."  *Id.*  Defense counsel indicated that he consented to Plaintiff's counsel filing a corrected Second Amended Complaint by March 8, 2021.  *Id.*  On March 5, 2021, the Court ordered that Plaintiff file a corrected version of the Second Amended Complaint by March 8, 2021 and that Defendants file a responsive pleading or motion by March 12, 2021.  ECF No. 54.  In their motion presently before the Court, Defendants indicate that Plaintiff's counsel communicated that a corrected Second Amended Complaint would not be filed but that Plaintiff still consented to the extension of the deadline to respond.  ECF No. 55 at 1.

## II.  DISCUSSION

Defendants claim that Plaintiff's Second Amended Complaint differs substantially from the proposed Second Amended Complaint, and, as a result, that it fails to conform to the Court's local rules, its previous orders, Federal Rule of Civil Procedure 15(a)(2), which permits a party to amend its pleading only with the opposing party's written consent or the court's leave, and Federal Rule of Civil Procedure 8(a)(2), which requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Consequently, and for other reasons, Defendants argue that Plaintiff fails to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court agrees that Plaintiff's Second Amendment Complaint differs substantially from her proposed Second Amended Complaint, and these differences exceed those necessary to comply with the Court's February 10, 2021 Order.  For instance, Plaintiff newly alleges that: (1) Plaintiff and Mr. Sissoko were speaking French; (2) Defendant Wilson improperly dominated AFSCME in a manner that prevented Plaintiff from learning about opportunities for promotion; (3) the City of Newark's Affirmative Action officer informed Plaintiff prior to her disciplinary hearing at the end of May 2018 that her Affirmative Action Complaint had been forwarded to the Newark Mayor; and (4) Because of Defendant Wilson's membership in AFSCME, Plaintiff was unable to persuade the Union to intervene in the disciplinary proceedings.  ECF No. 52, at ¶¶ 19, 42, 58, 59.[1]  It's not clear that these additions were meant to comply with the Court's previous orders; if they are, Plaintiff declines to explain how.

In the Proposed Second Amended Complaint, ECF 48-4, Plaintiff's First Cause of action states "42 U.S.C. § 1983 Claim for Violation of § 1981" and "As to Defendants Newark Department of Health and Community Wellness, Michael Wilson, and Mark Wade."  The actual filed Second Amendment Complaint reads "42 U.S.C. § 1983 Claim

---

[1]   A cursory review shows that Plaintiff's claim that Defendants NDH, Wilson, and Wade punished Plaintiff by offering promotions to younger, less experiences coworkers, Ms. Vilcant and Ms. Duque was part of Plaintiff Proposed Second Amended Complaint.  ECF No. 48-4 at ¶ 28.

~~for Violation of~~ § 1981"—as if meant to be an edit in a draft version. ECF No. 52 at 12. The individual defendants are dropped in the filed Second Amended Complaint. *Id.* As Defendants summarize, Plaintiff consented to the dismissal of the § 1981 claims so that they could be realleged as § 1983 claims. Defs.' Mot. 10; ECF Nos. 14, 17 at 3. In Count One of the filed Second Amended Complaint, Plaintiff cites to § 1981 numerous times alleging "defendant has violated § 1981." ECF No. 52, at ¶¶ 76, 84, 92, (the second) 91, 93.

Plaintiff responds to these contentions, and even more substantive ones, with a two-and-one-half pages Opposition, containing fewer than 400 words. ECF No. 56. Plaintiff's responses are cursory and conclusory in nature. For example, in response to the clear factual differences between the Proposed Second Amended Complaint and the filed Second Amended Complaint, Plaintiff states: "Any modifications to the Amended Complaint as filed were made to comply with the Court's ruling as to dismissal of certain parties from certain counts. To the extent the Court's leave is needed to make such modifications, Plaintiff will comply." Pl.'s Opp. 1. As stated above, if the factual additions made to Plaintiff's filed Second Amended Complaint are meant to be responsive to the Court's February 10, 2021 Order, Plaintiff fails to explain how. Plaintiff also responds to Defendants' contention that the Complaint is not consistent with Rule 8: "The Second Amended Complaint is intended to cure any and all of the deficiencies noted including not pursuing cause [sic] of action previously dismissed such as Plaintiff's age discrimination claims. The Second Amended Complaint cures all of the deficiencies noted in this Court's March 2020 Opinion and Order." *Id.* at 2. As to Count One alleging a § 1981 claim, Plaintiff states simply: "Count I alleges a [§] 1981 claim and it has been brought under [§] 1983 as instructed by the Judge. Policy/custom of maintaining a Union including City supervisors as members which is unlawful in [sic] State of New Jersey." *Id.* These responses do not address Defendants' contentions in any meaningful way. Without any substantive response on the part of the Plaintiff, the Court is left to presume that a draft version of the Second Amended Complaint was inadvertently filed and that given the opportunity by opposing counsel to correct it, Plaintiff declined.

### III.   CONCLUSION

Because Plaintiff's filed Second Amended Complaint differs from her proposed Second Amended Complaint, and because of the other described deficiencies, the Court is required to dismiss Plaintiff's Second Amended Complaint, ECF No. 52. Defendants' motion to dismiss, ECF No. 55 is **GRANTED IN PART**. Plaintiff shall **SHOW CAUSE** by way of a written brief filed by September 10, 2021 why the Court should not dismiss Plaintiff's Second Amended Complaint with prejudice.

                                                 */s/ William J. Martini*
                                                 **WILLIAM J. MARTINI, U.S.D.J.**