UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GESSY M. THEODORE**<br><br>**Plaintiff,**<br><br>v.<br><br>**NEWARK DEPARTMENT OF HEALTH AND COMMUNITY WELLNESS, et al.**<br><br>**Defendants.** | Civ. No. 2:19-17726 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Gessy M. Theodore ("Plaintiff") brought this action against Defendants Newark Department of Health and Community Wellness ("NDH"), Mark Wade, Michael Wilson, and Chuen Choi Eng-Ferrell (collectively, "Defendants") for discriminatory treatment and retaliation. On August 27, 2021, this Court granted in part Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss due to Plaintiff's failure to comply with the Court's previous order regarding the filing of an amended pleading. ECF No. 59. In light of Plaintiff's repeated failures to comply with Court orders and federal practice rules, the Court, pursuant to Fed. R. Civ. P 41(b), directed Plaintiff to Show Cause why it should not dismiss with prejudice Plaintiff's Second Amended Complaint. *Id*. That issue is presently before the Court. After careful consideration of the parties' submissions, and for the reasons set forth below, Plaintiff's Second Amended Complaint is **dismissed without prejudice** and **sanctions are imposed against Plaintiff's counsel**.

      **I.    BACKGROUND**

      As demonstrated below, Plaintiff has throughout this litigation, repeatedly failed to cure deficiencies in her filings and to timely comply with Court orders and federal and local rules of procedure despite being given numerous opportunities to do so.

      Shortly after Plaintiff's Complaint was filed, Defendant American Federation of State, County and Municipal Employees, Council 52, AFL-CIO Local 2299 ("Union") moved to dismiss. Plaintiff did not timely oppose the Union's initial motion or request an extension prior to the filing deadline, ECF No. 4. Nevertheless, the Court granted Plaintiff's late request for an extension of time and warned Plaintiff that "[s]ubsequent failures to file timely opposition papers may result in dismissal or other remedial action." ECF No. 8. On

March 25, 2020, the Court granted in part and denied in part the motions to dismiss made by the Union as well as the remaining Defendants. ECF Nos. 17, 18. In that Opinion, the Court explained that Fed. R. Civ. P. 8(a)(2) requires that any amended complaint filed by Plaintiff must "provide[] adequate notice as to what each defendant is allegedly liable for, and when such conduct occurred" and that she "may not rely on a series of attachments to her Complaint and internal cross-references to every prior paragraph to avoid the pleading requirements of the Federal Rules." ECF No. 17 at n.3.

On April 16, 2020, Plaintiff filed an Amended Complaint. ECF No. 24. The Union and remaining Defendants promptly moved to dismiss. ECF Nos. 27-28. Plaintiff requested permission to file a joint opposition brief to the two pending motions. ECF No. 30. The Court granted the request, but warned that that would not "excuse a failure to respond to each Defendants' arguments." ECF No. 33. Plaintiff disregarded the Court's Order, instead filing a motion to amend attaching a proposed Second Amended Complaint ("PSAC"). ECF No. 36.

On July 28, 2020, the Court granted without prejudice Defendants' motion to dismiss, noting that Plaintiff failed to timely oppose the motions to dismiss or to request another extension. ECF No. 43. Moreover, the Court wrote that Plaintiff's "shotgun pleading" made it impossible to even attempt to address Defendants' substantive arguments and critically, that the amended complaint failed to remedy that problem. *Id.* at 2. Likewise, the Court denied without prejudice Plaintiff's motion to amend because Plaintiff's failure to comply with Court directives and the local rules by not providing a black-line proposed amended complaint "made judging the sufficiency of the PSAC impossible." *Id.* at 3. Nonetheless, the Court gave Plaintiff a second chance to rectify her deficiencies and allowed another motion to amend but expressly ordered that "[a]ny such motion **MUST** comply with the Court's prior orders, its individual rules of practice, and the local rules." *Id.* (emphasis in original).

On August 28, 2020, Plaintiff filed a motion for leave to file an amended Complaint, ECF No. 48, and attached a copy of her PSAC as required by Fed. R. Civ. P. 15(a)(2) and Local Rule 15.1(a)(1). ECF No. 48-4. On February 10, 2021, the Court granted in part and denied in part Plaintiff's motion to amend. ECF No. 50, 51. The Court permitted Plaintiff to file her amended complaint, but barred Title VII claims against individual Defendants Mark Wade, Michael Wilson, and Chuen Choi Eng-Ferrel. *Id.* On February 19, 2021, Plaintiff filed a Second Amended Complaint ("SAC"). ECF No. 52.

Subsequently, Defendants became aware that the filed SAC differed from the proposed amended complaint attached to Plaintiff's motion for leave to amend. Thus, after discussing the matter with opposing counsel, Defendants filed a letter on March 4, 2021, explaining that Plaintiff's SAC was seemingly "a draft copy of the pleading" and that the parties had consented to the filing of a corrected SAC and to an extension of time for Defendants to file a responsive pleading. ECF No. 53; ECF No. 62-2, Ex. A of Andy G. Mercado's Certification of Counsel ("Mercado Cert.") (March 4, 2021 email from

2

Plaintiff's counsel confirming "Plaintiff will file an amended complaint this weekend correcting for any typographical errors."))

On March 5, 2021, the Court signed the proposed consent order requiring Plaintiff to file a corrected version of the SAC by March 8, 2021 and Defendants to file a responsive pleading or motion by March 12, 2021. ECF No. 54. That same day, however, Plaintiff's counsel communicated to defense counsel that Plaintiff would not be filing another version of the SAC. ECF No. 62-3, Ex. B attached to Mercado Cert. On March 12, 2021, after Plaintiff failed to file a corrected SAC, Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 55. Because Plaintiff's SAC differed substantially from the proposed amended pleading and Plaintiff failed to substantively explain the differences or to correct the filing error, the Court granted Defendants' motion to dismiss Plaintiff's SAC and also ordered Plaintiff to show cause why the dismissal should not be with prejudice. ECF Nos. 58, 59.

On September 8, 2021, Plaintiff timely filed a letter response to the Court's Order to Show Cause ("Letter Response"). ECF No. 60. In that response, Plaintiff's counsel, Omer Khwaja, contends that dismissal of the filed SAC should not be with prejudice because he did not see or endorse Defendants' March 4, 2021 letter prior to its filing. ECF No. 60. Mr. Khwaja claims that that letter "mischaracterize[] the understanding between the parties," explaining that Plaintiff did not agree to "correct any errors in the Complaint." *Id.* Plaintiff's counsel insists he "believed the proposed Second Amended Complaint would be deemed filed by the Clerk and opposing counsel." *Id.* at 2. Additionally, Mr. Khwaja notes in the Letter Response that a member of his firm is suffering through personal struggles. Counsel further states he is "willing to [file the proposed SAC] now," ECF No. 60 at 2, and attaches the "Second Amended Complaint, as originally proposed." ECF No. 60-1. Lastly, Plaintiff's Letter Response requests leave to further amend the proposed SAC to reassert age discrimination claims based on newly discovered facts. *Id.* at 2.

## II.    DISCUSSION

### A.    Applicable Standard

"A district court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and under Federal Rule of Civil Procedure 41(b)."[1] *Azubuko v. Bell Nat. Organization*, 243 Fed. Appx. 728, 729 (3d Cir. 2007). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." *Id.* Ordinarily, to avoid abuse of its discretion when considering dismissal of

---

[1] Rule 41 provides: "(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."

a case with prejudice, the court must properly consider six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984):

> (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis in original); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). Notably, dismissal with prejudice is an "extreme" sanction that must be "of last, not first, resort." *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citations omitted). Moreover, "doubts should be resolved in favor of reaching a decision on the merits." *Id.* (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984).[2]

B. <u>Analysis</u>

As a threshold matter, counsel's purported reasons for failing to file a corrected SAC are unconvincing. First, even if as Mr. Khwaja claims, he did not see the March 4th letter prior to its filing, once that letter was filed or even after the Court's March 5 Order, counsel could have, but failed to rectify any purported mischaracterizations. Then when Defendants again stated in their motion to dismiss that "[o]n March 4, 2021 the parties consented to an

---

[2] As an exception, dismissal pursuit to Fed. R. Civ. P. 41(b) does not require balancing the *Poulis* factors "[w]hen a litigant's conduct makes adjudication of the case impossible." *Azubuko v. Bell Nat. Organization*, 243 Fed. Appx. 728, 729 (3d Cir. 2007). In *Azubuko*, the plaintiff failed to comply with the court's "explicit order to make his allegations plain by filing an amended complaint," choosing instead to file a motion for reconsideration, which was denied. After his complaint was dismissed, the plaintiff unsuccessfully moved for reconsideration and for reopening of his case. On appeal, the Court of Appeals found that the district court's dismissal was "entirely appropriate" because the plaintiff's "initial filing provided no basis for the district court to proceed with his case nor for an opposing party to respond to his allegations." *Id.* In reaching that decision, the Third Circuit cited *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990) (affirming dismissal of habeas petition where petitioner's "conduct in disobeying the court's orders was contumacious"), *rehearing denied* (August 22, 1990) and *Spain v. Gallegos,* 26 F.3d 439, 455 (3d Cir. 1994) (upholding dismissal where plaintiff willfully refused to prosecute remaining claims after receiving an adverse ruling."). Here, unlike *Guyer* or *Spain,* there is no evidence that Plaintiff willfully ignored the Court's order to file a corrected version of the SAC nor is it clear that like *Azubuko,* Plaintiff is unwilling to file a corrected SAC. In any event, the Court chooses to err on the side of caution and weigh the *Poulis* factors as the parties have failed to cite any legal authority in response to the Court's Order to Show Cause.

extension of time to respond to the SAC and so that Plaintiff can file a corrected SAC," ECF No. 55 at 1, Plaintiff's counsel still did not object to what he now claims is a mischaracterization. Second, Mr. Khwaja's contention that he did not file the proposed SAC because he "believed the proposed Second Amended Complaint would be deemed filed" is at odds with his position that he never agreed to "correct any errors in the Complaint" and his March 4, 2021 email confirming that Plaintiff would be filing an amended complaint. ECF No. 62-2. Nothing in the record demonstrates that Plaintiff's counsel really believed an amendment would simply be "deemed filed" despite the Court's express order that Plaintiff file a corrected version of the SAC by March 8, 2021. ECF No. 54. Lastly, while the Court is not unsympathetic to Mr. Khwaja's colleague's struggles, counsel has not explained how his colleague's troubles excuse Mr. Khwaja's failure to comply with the Court's order to timely file the correct SAC.

Notwithstanding that such excuses seem disingenuous, the Court must examine the *Poulis* factors when considering dismissal of a complaint. First, Mr. Khwaja's September 8th Letter Response in no way indicates that Plaintiff personally bears any responsibility for her counsel's dereliction. Dismissal of this case with prejudice would punish Plaintiff for the deficiencies caused by counsel.[3] However, Plaintiff's "lack of responsibility for [her] counsel's dilatory conduct is not dispositive, because a client cannot always avoid the consequences of the acts or omissions of [her] counsel." *Poulis,* 747 F.2d at 868.

Weighing against dismissal is that Plaintiff's noncompliance was not willful or in bad faith. As to the merits of Plaintiff's proposed claims, the Court need not apply a summary judgment standard, *id.* at 869-70, and notes that Plaintiff's motion to file an amended complaint was granted because the proposed claims (except as to Title VII claims against individual defendants), if true, could possibly sustain a claim for relief. ECF No. 50.

The remaining *Poulis* factors, however, support dismissal. As detailed above, Plaintiff has exhibited a pattern of dilatoriness and a disregard of this Court's orders and

---

[3] In *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962)*,* the Supreme Court rejected the notion that dismissal of a plaintiff's claim due to "counsel's unexcused conduct imposes an unjust penalty on the client." The Court reasoned that "[p]etitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent . . .." *Id.* at 633–34. Despite this principle, the Third Circuit has "increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault." *Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986); *see also Hildebrand*, 923 F.3d at 133 (vacating and remanding district court's dismissal of discrimination suit for failure to prosecute); *Burns v. MacMeekin* (*In re MacMeekin* ), 722 F.2d 32, 35 (3d Cir. 1983) (requiring district courts to rule out alternative remedies noting "[t]he brunt of the order [to dismiss] falls on plaintiffs, who have been deprived of the opportunity to litigate their case on the merits, when the only culpable party may well be their attorney").

5

federal and local practice rules despite the Court's numerous warnings. That Plaintiff's allegations are uncertain two years after filing of the initial Complaint is undoubtedly unfair to Defendants. Due to Plaintiff's repeated failures to properly assert her claims, Defendants have been forced to expend resources to move to dismiss three times as well as to defend against two (possibly now three) motions to amend without knowing clearly what the allegations against them are.

Plaintiff cannot be allowed to ignore court rules and orders with impunity. Moreover, the Court is not required to satisfy each *Poulis* factor in order to justify the sanction of dismissal. *See Adegbuji v. Middlesex County,* 347 Fed. Appx. 877, 881 (3d Cir. 2009). But because dismissal with prejudice is an extreme sanction of last resort, the Court instead will impose monetary sanctions against Plaintiff's counsel. *See Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 560 (3d Cir. 1985) (recognizing district court's power to impose cost as sanctions under 28 U.S.C. § 1927 or court's inherent power). Plaintiff's counsel, Mr. Khwaja, is ordered to reimburse Defendants for all reasonable legal fees and costs incurred by Defendants relating to their March 12, 2021 motion to dismiss, ECF No. 55, and this Court's August 27, 2021 Order to Show Cause, ECF. No. 59. Defendants shall submit an application for such costs and fees, including hourly rate and a description of time spent, within 14 days from the date of this Opinion. Mr. Khwaja may respond only as to the *reasonableness* of such fees within seven days from the date that Defendants' fee application is filed. Mr. Khwaja is prohibited from passing along any such legal fees and costs to his client directly or indirectly. *See Poulis,* 747 F.2d at 869.

### III. CONCLUSION

For the reasons noted above, Plaintiff's Second Amended Complaint, ECF No. 52, is dismissed without prejudice; however, sanctions are imposed against Plaintiff's counsel as set forth herein. Plaintiff is also granted leave to file a motion to amend "to reassert her age discrimination claims," but *only* to the extent that any previous dismissal of those claims by this Court was without prejudice. Any such motion to amend must be filed within seven days from the date of this Opinion. Plaintiff is once again reminded that failure to comply with all applicable rules including Local Civ. Rule 15.1(a) may result in further sanctions or dismissal with prejudice.

                                                   */s/ William J. Martini*
                                          **WILLIAM J. MARTINI, U.S.D.J.**

**October 14, 2021**